COMPILER OF LAWS/
Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM
2012 JUN -7 PM 1: 04

## IN THE SUPERIOR COURT OF GUAM
### SMALL CLAIMS DIVISION

NISSAN MOTOR CORP. IN GUAM, )
                     )
             Plaintiff, )
                     )
    vs. )
                     )
MARIA C. ROSALIN, )
                     )
             Defendant. )
                     )
                     )
                     )

**SMALL CLAIMS CASE NO. SD0959-10**

**DECISION AND ORDER**

### INTRODUCTION

The matter before the Court came on Plaintiff Nissan Motor Corp. in Guam's ("Plaintiff") claim against Defendant Maria C. Rosalin ("Defendant") for the amount of $713.14 plus accrued prejudgment interest and attorney's fees. The amount sought is the deficiency after Defendant's vehicle was repossessed by First Hawaiian Bank and then repurchased and sold by Plaintiff. On January 7, 2011 a trial in this matter was held before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. Attorney Terrence Brooks appeared on behalf of Plaintiff while Defendant appeared *pro se*. Having reviewed the evidence presented and the applicable law, the Court now issues its Decision and Order.

### BACKGROUND

The case before the Court involves a claim for the deficiency after Plaintiff repurchased and sold Defendant's vehicle after the same was repossessed for Defendant's failure to make timely payments. Plaintiff claims a deficiency in the amount of $713.14 after Defendant's vehicle was sold for $8,137.00. Based upon the pleadings and supporting documents filed, the deficiency stems from the repairs and other fees Plaintiff incurred as part of the sale of the

vehicle.

## DISCUSSION

The facts of this case are essentially undisputed. The undisputed facts include Defendant's failure to make timely payments on the vehicle, the repossession of the vehicle, Plaintiff providing reasonable notice to Defendant of the possible sale of the vehicle, and the eventual sale of the vehicle by Plaintiff. Although Defendant argues that she was led to believe by a representative of First Hawaiian Bank that she would be given ample time to repurchase her vehicle, the testimony and other evidence presented indicates that despite being notified of the possible sale of the vehicle and the need for immediate action, Defendant never formally took action to retake her vehicle by paying the total amount due in time to prevent the sale of the vehicle.

Under 13 GCA § 9504 (1):

> (1) A secured party after default may sell, lease or otherwise dispose of any or all of collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the division on sales (Division 2). The proceeds of disposition shall be applied in the order following to
> (a) The reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party;
> (b) The satisfaction of indebtedness secured by the security interest under which the disposition is made;
> (c) The satisfaction of indebtedness secured by any subordinate security interest in the collateral if written notification of demand therefor is received before distribution of the proceeds is completed. If requested by the secured party, the holder of a subordinate security interest must seasonably furnish reasonable proof of his interest, and unless he does so, the secured party need not comply with his demand.
> (2) If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and unless otherwise agreed, the debtor is liable for any deficiency. But if the underlying transaction was a sale of accounts or chattel paper, the debtor is entitled to any surplus or is liable for any deficiency only if the security agreement so provides.

(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations, he may buy at private sale.

In the present case, Plaintiff presented evidence that Plaintiff was notified by First Hawaiian Bank that her vehicle was repossessed and that unless Plaintiff contacted the dealer and paid the total amount due, the vehicle could be sold at any time after May 2, 2010. Since Defendant failed to contact the dealer and/or pay the total amount due by May 2, 2010, the vehicle was eventually sold by Plaintiff on June 29, 2010. Prior to the sale, Plaintiff incurred repair and preparation expenses in the amount of $2,270.44 as evidenced by the numerous receipts provided by Plaintiff to the Court. After applying these expenses plus sales commissions, Gross Receipts Tax, Storage, Postage, Administration Fees, and Title and Registration, Plaintiff asserts that a deficiency of $713.14 remained.

Based upon the above, Plaintiff complied with the strictures of § 9504 by providing notice of the date after which the vehicle may sold, by selling the vehicle in a commercially reasonable manner, namely via its used car business, and by taking into account the commercially reasonable expenses necessary to prepare the vehicle for sale. Although a debtor in a case such as this may argue that notice of the sale was unreasonable or that the sale of the vehicle was commercially unreasonable, the Court finds such defenses to be inapplicable. *See*

*generally* <u>General Motors Acceptance Corp. v. Stoval</u>, 872 N.E. 2d 91 (Ill. App. 1st Dist. 2007). First, Defendant was provided with clear and ample notice of the possible sale of the vehicle and the time within which she must act to retake the vehicle. Second, the sale of vehicle was conducted by Plaintiff as a used car sale and Plaintiff is in the business of selling used cars. Third, the vehicle was sold very close to its Blue Book Value. Thus, Defendant is left without a viable defense to the sale of the vehicle and the resulting deficiency.

## CONCLUSION

Based upon the foregoing, the Court finds in favor of Plaintiff in the amount of $713.14 plus prejudgment interest at the rate of 8.5%, attorney's fees of 15%, and post-judgment interest of 6% .

**SO ORDERED this _____ day of _____ Jun 0 7 2012 _____, 2012.**

Original Signed By:
Honorable Benjamin C. Sison Jr.
Traffic Small Claims Referee

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 0 7 2012

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam

Page 4 of 4